**Samie Law Firm**
**2414 S Garfield Avenue, Monterey Park, CA 91754**
**(818)-836-4976**
Attorney for Plaintiff, Timeless Production FZ LLC

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF CALIFORNIA**

**TIMELESS PRODUCTION FZ LLC., A UNITED ARAB EMIRATES LIMITED LIABILITY COMPANY,**

Plaintiff,

**ALEANDRO JUNIOR DE CARVALHO,** AN INDIVIDUAL MANAGING THE YOUTUBE CHANNEL **CONNECTED TO THE UNKNOWN AND DOES 1-10, INCLUSIVE.**

Defendant.

**Case No.:** 3:26-cv-8683

**COMPLAINT FOR:**

**(I) DIRECT COPYRIGHT INFRINGEMENT**
**(II) FALSIFICATION OF COPYRIGHT MANAGEMENT INFORMATION**
**(III) REMOVAL AND/OR ALTERATION OF COPYRIGHT MANAGEMENT INFORMATION**
**(IV) PUBLIC DISPLAY RIGHT INFRINGEMENT**
**(V) UNFAIR COMPETITION**
**(VI) WILLFUL COPYRIGHT INFRINGEMENT**
**(VII) MISREPRESENTATION UNDER 17 U.S.C. § 512(f)**

**DEMAND FOR JURY TRIAL**

## INTRODUCTION

**1.** Timeless Production FZ LLC ("Plaintiff") is a producer, editor, and publisher of original audiovisual content, including high-quality videos, featured on the Tekniq YouTube channel. With over 997,000 subscribers and more than 1200 videos, Tekniq has built a strong global audience, generating revenue through YouTube's monetization program,

sponsorships, and viewer engagement. Plaintiff owns the exclusive copyrights to its content, which represents significant creative and financial investments.

**2.** Defendant Aleandro Junior de Carvalho, an individual, manages and operates the YouTube channel known as "Ligado no Desconhecído," translated as "Connected to the Unknown" Connected to the Unknown (https://www.youtube.com/channel/UCqUy_GFmHnZpoGdBAB2YpsA) which has engaged in widespread and systematic copyright infringement of Plaintiff's registered works. Along with Doe Defendants 1-10, whose identities and roles are presently unknown but who are believed to have participated in, facilitated, or contributed to the infringing conduct. Aleandro Junior de Carvalho has reproduced, copied, and publicly displayed Plaintiff's copyrighted videos without authorization. For purposes of this Complaint, "Defendants" refers collectively to Aleandro Junior de Carvalho and Doe Defendants 1-10. Defendants have illegally copied entire segments from Plaintiff's videos, removed or altered Copyright Management Information (CMI), and re-uploaded the content to their YouTube channel, thereby misleading viewers and obscuring the true origin and ownership of the content.

**3.** Defendants operate by extracting and compiling substantial portions of Plaintiff's registered works to produce and publish videos on their YouTube channel. Defendants' videos are built by repurposing Plaintiff's audiovisual works without authorization or license. Defendants incorporated portions of Plaintiff's copyrighted works into their own videos without Plaintiff's permission and monetized those videos through the YouTube Partner Program, while later asserting that their use of Plaintiff's content was protected by fair use. This deliberate misuse of Plaintiff's content has caused significant financial

and reputational harm to Timeless Production FZ LLC by diverting viewers, subscribers, and advertising income from Plaintiff's YouTube channels.

**4.** Plaintiff has identified multiple instances of direct copyright infringement (**Exhibit B**), where Defendants' Youtube channel has unlawfully used Plaintiff's content, including:

a) Unauthorized reproduction of Plaintiff's video segments, leading to direct monetary loss and audience diversion.

b) Falsification and removal of Copyright Management Information (CMI), violating 17 U.S.C. § 1202(a) and 17 U.S.C. § 1202(b).

c) Systematic use and monetization of edited portions of Plaintiff's registered works without Plaintiff's consent, followed by assertions that such use was protected by fair use.

**5.** Defendants further engaged in bad-faith conduct by submitting DMCA counter-notifications to YouTube acknowledging their use of portions of Plaintiff's copyrighted works but asserting that such use was protected by fair use. Plaintiff alleges that Defendants knowingly mischaracterized the nature and extent of their use in an attempt to have the infringing videos reinstated and to continue monetizing Plaintiff's copyrighted content.

**6.** Defendants' willful copyright infringement and fraudulent conduct have caused significant financial and reputational harm to Plaintiff by diverting revenue, misleading viewers, and undermining the integrity of Plaintiff's original content. Plaintiff seeks monetary damages, injunctive relief, and statutory penalties under 17 U.S.C. §§ 501 and 1202, as well as any other legal remedies available to stop Defendants' continued infringement and unfair competition.

## THE PARTIES

**7.** Plaintiff Timeless Production FZ LLC ("Timeless" or "Plaintiff") is a limited liability company registered in the United Arab Emirates, engaged in the production, editing, and publishing of audiovisual works, including films, documentaries, and videos. Plaintiff owns and operates the Tekniq YouTube channel, which hosts original videos covering informational, educational, and entertaining content related to technology, engineering, manufacturing, and industrial processes.

**8.** Timeless is the sole owner of the copyrights in the audiovisual works published on the Tekniq YouTube channel, including the videos ("Copyrighted Works") in **Exhibit A**. These works are monetized through YouTube's advertising revenue model, with Plaintiff deriving revenue based on viewership and engagement.

**9.** Plaintiff Timeless Production FZ LLC is informed and believes that Aleandro Junior de Carvalho**,** operating YouTube channel known as "Ligado no Desconhecído," translated as "Connected to the Unknown**,** is an individual residing at Rua Ismael Dias da Silva, 625, Tremembé-SP - SP, 12120-015, Brazil (**Exhibit C**) The YouTube channel Connected to the Unknown has approximately 2.19 million subscribers, 400 videos as of the date of this complaint. The channel is generating revenue through YouTube's monetization program (YPP). Defendant Aleandro Junior de Carvalho can be reached through the contact details listed in his DMCA counter-notices (**Exhibit C**)

**10.** Doe Defendants 1-10 are unknown individuals or entities who have participated in, facilitated, or contributed to the infringing activities described herein but whose identities are currently unknown to Plaintiff. Plaintiff will amend this complaint to include their true identities once discovered.

**11.** Defendants' actions have resulted in widespread copyright infringement, causing Plaintiff to suffer significant financial losses, reputational harm, and the unauthorized dilution of its original works.

**12.** To protect its valuable intellectual property, Timeless brings this action against Defendants for direct copyright infringement, falsification of CMI, removal and/or alteration of CMI, misrepresentation under 17 U.S.C. § 512(f), and related relief.

## JURISDICTION AND VENUE

**13.** This action arises under the Copyright Act, 17 U.S.C. § 101 et seq., and seeks relief for direct copyright infringement (17 U.S.C. § 501), falsification and removal of copyright management information (17 U.S.C. § 1202), and unfair competition under applicable laws.

**14.** This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1331 (federal question jurisdiction) and 28 U.S.C. § 1338(a) (exclusive jurisdiction over copyright claims) because this case arises under the federal copyright laws of the United States.

**15.** This Court has personal jurisdiction over Defendant Aleandro Junior de Carvalho, because Defendant has purposefully directed infringing activities toward the United States and engaged in intentional and systematic copyright violations that have caused direct and foreseeable harm to Plaintiff. Defendants' YouTube channel, which hosts and monetizes the infringing content, is accessible globally, including in this judicial district, and generates revenue from U.S.-based viewers.

**16.** Pursuant to 17 U.S.C. § 512(g)(3)(D) Defendant have expressly consented to the jurisdiction of U.S. federal courts by submitting DMCA counter-notifications (**Exhibit**

**C**) to YouTube. As required by statute, those counter-notifications include a statement consenting to the jurisdiction of a United States federal district court for the resolution of disputes arising from copyright claims. The service provider provided with the counternotifications can be found in this judicial district, namely YouTube.

**17.** Plaintiff asserts that Defendants actively participate in the YouTube Partner Program (YPP), a monetization scheme operated by YouTube, a subsidiary of Google LLC. Since its inception in 2007, the YPP has enabled vetted users to generate profit from advertising revenue generated through content hosted on the YouTube platform. The program operates through Google AdSense service, which facilitates the display of ads as well as advertising payments. As of 2025, YouTube retains 45% of the advertising revenue, while the remaining 55% is paid directly to the participating content creator. YouTube and its parent company, Google, are subject to the jurisdiction of this Court, as both entities are headquartered in this District and conduct business here.

**18.** Venue is proper in this district pursuant to 28 U.S.C. § 1391(b) and 28 U.S.C. § 1400(a), because a substantial part of the infringing conduct occurred within this judicial district. Defendants have actively distributed, publicly displayed, and monetized infringing content viewed by audiences within this district, causing harm to Plaintiff's business and revenue streams.

**19.** This Court also has supplemental jurisdiction over Plaintiff's state-law claims pursuant to 28 U.S.C. § 1367(a), as they arise from the same nucleus of operative facts as the federal claims and form part of the same case or controversy under Article III of the U.S. Constitution.

## FACTUAL BACKGROUND

**20.** Timeless Production is a producer, editor, and publisher of audiovisual works, including high-quality videos, showcased on the YouTube channel "Tekniq". Plaintiff owns the exclusive copyrights to these audiovisual works, which are the result of significant creative and financial investments.

**21.** Tekniq is a widely recognized and monetized YouTube channel that produces original content spanning various industries, including technology, engineering, and innovation. The channel has gained a substantial global audience and generates revenue through YouTube's monetization program, sponsorships, and viewer engagement. Tekniq may be accessed via the following URL: https://www.youtube.com/@tekniqvid

**22.** As of 2026, the Tekniq channel has gained over 997,000 subscribers and uploaded more than 1200 videos, each receiving thousands to millions of views. Several of its most popular videos have exceeded 590 million views. The Copyrighted Works featured on the Tekniq channel include original and registered audiovisual content, which forms the backbone of its business operations and revenue stream.

**23.** Plaintiff's Copyrighted Works involved in this action are registered with the United States Copyright Office and are identified as **Exhibit A**

**24.** The Defendants have systematically reproduced, copied, displayed, and distributed Plaintiff's copyrighted videos without authorization on the Defendants' YouTube channel. Defendants' actions directly infringe on Plaintiff's exclusive rights, diverting viewers, subscribers, and revenue while profiting from Plaintiff's original content without consent. Defendants have engaged in widespread copyright infringement, unlawfully reproducing Plaintiff's works in multiple videos uploaded to the Defendants' YouTube channel. A list of the Defendants' infringing videos is attached hereto as **Exhibit B**.

**25.** Defendants submitted DMCA counter-notifications acknowledging that their videos incorporated portions of Plaintiff's copyrighted works but asserting that the uses were transformative, informational, educational, and protected by fair use. Plaintiff alleges that these assertions materially misrepresented the nature and lawfulness of Defendants' use of Plaintiff's content and were intended to circumvent YouTube's copyright-enforcement process, allowing Defendants to continue benefiting financially from the infringing videos.

**26.** After Plaintiff submitted DMCA takedown notices, YouTube temporarily removed the infringing videos. Defendants thereafter submitted counter-notifications under penalty of perjury, acknowledging their use of portions of Plaintiff's copyrighted works but asserting that such use was protected by fair use and that the material had been removed because of mistake or misidentification. Plaintiff alleges that Defendants knowingly and materially misrepresented the nature and lawfulness of their use in an effort to secure reinstatement of the videos and continue monetizing Plaintiff's copyrighted content. As a result, Timeless was compelled to pursue this action to protect and enforce its copyrights and prevent further unauthorized exploitation of its works.

**27.** Defendants' actions demonstrate a pattern of willful copyright infringement, fraud, and unfair competition, as they sought to continue benefiting from Plaintiff's creative work while evading consequences. Defendants' false misrepresentations under the DMCA caused additional harm to Plaintiff by diverting revenue, forcing unnecessary legal costs, and requiring ongoing enforcement efforts. Plaintiff seeks damages, statutory penalties, and injunctive relief to hold Defendants accountable for these violations under 17 U.S.C. § 501, § 512(f), and § 1202.

**28.** Plaintiff has incurred substantial damages due to Defendants' infringements, including loss of advertising revenue, reduced audience engagement, and the devaluation of its intellectual property. Defendants' ongoing infringement and fraudulent practices demand urgent injunctive relief to prevent further harm.

**29.** Through this lawsuit, Plaintiff seeks to hold Defendants accountable for their systematic copyright infringement, misrepresentation, and unlawful business practices. Plaintiff requests monetary damages, statutory penalties, injunctive relief, and any other remedies available under 17 U.S.C. § 501 et seq., 17 U.S.C. § 1202, and applicable state and federal laws to ensure that Defendants cease their infringing conduct and compensate Plaintiff for its unlawful gains.

## COUNT I
## DIRECT COPYRIGHT INFRINGEMENT (17 U.S.C. § 501)

**30.** Plaintiff incorporates by reference all preceding paragraphs as though fully set forth herein.

**31.** Timeless is the owner of the exclusive copyrights in the audiovisual works featured on the Tekniq YouTube channel, including but not limited to the exclusive rights to reproduce, distribute, publicly perform, and display these works under 17 U.S.C. § 106.

**32.** Defendants, without authorization or consent, directly copied, reproduced, publicly displayed, distributed, and/or made derivative works of Plaintiff's copyrighted videos by uploading them to the Defendants' YouTube channel.

**33.** Defendants have engaged in widespread copyright infringement, unlawfully reproducing Plaintiff's works in multiple videos uploaded to the Defendants' YouTube channel. Confirmed instances of direct copyright infringement have been mentioned in detail in the Factual Background.

**34.** The Defendants' unauthorized uploading, public display, and distribution of Plaintiff's copyrighted works through the Defendants' YouTube channel are actionable under 17 U.S.C. § 501.

**35.** Defendants' conduct aligns with the infringing behavior identified in *Viacom Int'l, Inc. v. YouTube, Inc.*, 676 F.3d 19 (2d Cir. 2012), where the court recognized that unauthorized user uploads of copyrighted content to digital platforms constitute direct copyright infringement. Similarly, in *Disney Enters., Inc. v. VidAngel, Inc.*, 869 F.3d 848 (9th Cir. 2017), the court found that the unauthorized reproduction and distribution of copyrighted audiovisual works online violates 17 U.S.C. § 501. Defendants' unauthorized copying and monetization of Plaintiff's YouTube videos constitute direct copyright infringement under these precedents.

**36.** Defendants' infringement was willful, intentional, and for commercial gain, as evidenced by the monetization of the infringing videos on the Defendants' YouTube channel, which diverted viewers, subscribers, and revenue from Plaintiff's Tekniq channel.

**37.** As a direct and proximate result of Defendants' unlawful conduct, Plaintiff has suffered and continues to suffer substantial harm, including but not limited to lost revenue, diminished audience engagement, reputational harm, and the devaluation of its intellectual property.

**38.** Plaintiff is entitled to recover statutory damages under 17 U.S.C. § 504(c) of up to $150,000 per willful infringement, or in the alternative, Plaintiff's actual damages and Defendants' profits attributable to the infringement, in an amount to be determined at trial.

**39.** Plaintiff is entitled to injunctive relief under 17 U.S.C. § 502, prohibiting Defendants from further infringing Plaintiff's copyrights and requiring the removal of any infringing content maintained or made accessible by Defendants.

**40.** Plaintiff is further entitled to an award of full costs, including reasonable attorneys' fees, under 17 U.S.C. § 505.

**41.** Plaintiff seeks an order for the impoundment and destruction of all copies of the infringing works pursuant to 17 U.S.C. § 503.

**COUNT II**
**FALSIFICATION OF COPYRIGHT MANAGEMENT INFORMATION**
**(17 U.S.C. § 1202(a))**

**42.** Plaintiff incorporates by reference all preceding paragraphs as though fully set forth herein.

**43.** Defendants have systematically falsified Copyright Management Information (CMI) in violation of 17 U.S.C. § 1202 by removing or altering CMI associated with Timeless's copyrighted works and substituting it with misleading or modified CMI bearing Defendants' own branding or attribution. Under 17 U.S.C. § 1202, it is unlawful to remove or alter CMI with the intent to induce, enable, facilitate, or conceal infringement. Defendants' conduct demonstrates a deliberate effort to mislead viewers, obscure the true ownership of the content, and profit from Plaintiff's original works without authorization.

**44.** As detailed in the Factual Background, Defendants' pattern of falsifying CMI is evident in multiple infringing videos where they systematically erased Tekniq's branding and replaced it with their own logo to falsely present the content as their original work. This

removal was executed to conceal the infringing nature of their uploads, mislead viewers, and monetize content that rightfully belongs to Plaintiff.

**45.** Defendants' removal, alteration and falsification of Copyright Management Information (CMI) was intentional and carried out with the clear purpose of deceiving viewers and circumventing YouTube's automated copyright enforcement systems. Such conduct can violate both 17 U.S.C. § 1202(a) and § 1202(b). In particular, in the Report and Recommendation issued by Magistrate Judge Robert W. Lehrburger in *Business Casual Holdings, LLC v. TV-Novosti*, No. 21-cv-2007 (S.D.N.Y. Feb. 8, 2023) (Doc. 80), the magistrate judge recommended a finding that removing a watermark and replacing it with the defendants' own branding constituted violations of both provisions. Similarly, Defendants in this case removed Tekniq's visible branding from Plaintiff's videos and substituted their own identifying elements falsely attributing authorship and ownership in order to mislead viewers and digital platforms. This knowing falsification and substitution of CMI not only concealed the infringement but facilitated further unauthorized monetization, clearly triggering liability under both § 1202(a) and § 1202(b).

**46.** Defendants' repeated falsification and removal of Copyright Management Information (CMI) constitutes a violation of 17 U.S.C. § 1202 and warrants statutory damages under 17 U.S.C. § 1203. As established in *Mango v. BuzzFeed, Inc.*, 970 F.3d 167 (2d Cir. 2020), even a single instance of removing author attribution justifies statutory damages, further strengthening Plaintiff's claim for per-instance damages for each video where the Defendants removed CMI.

**47.** Plaintiff is entitled to recover statutory damages under 17 U.S.C. § 1203(c)(3)(B) of up to $25,000 for each violation of 17 U.S.C. § 1202(a). Or in the alternative, Plaintiff's

actual damages and Defendants' profits attributable to the removal or alteration of CMI, in an amount to be determined at trial

## COUNT III
## REMOVAL AND/OR ALTERATION OF COPYRIGHT MANAGEMENT INFORMATION (17 U.S.C. § 1202(b))

**48.** Plaintiff incorporates by reference all preceding paragraphs as though fully set forth herein.

**49.** Plaintiff is the owner of the exclusive copyrights in the audiovisual work/s featured on the Tekniq YouTube channel, including all associated Copyright Management Information (CMI) such as watermarks, branding, and metadata.

**50.** Under 17 U.S.C. § 1202(b), it is unlawful for any person to intentionally remove or alter CMI with the knowledge that such actions will induce, enable, facilitate, or conceal copyright infringement.

**51.** Defendants knowingly and deliberately removed and/or altered CMI from Plaintiff's copyrighted videos before re-uploading them to the Defendants' YouTube channel without authorization or consent.

**52.** Defendants' removal of CMI was executed with the intent to mislead viewers about the true origin of the content and to conceal the infringements by making the videos appear as original works owned by Defendants.

**53.** Defendants' actions were willful, intentional, and for commercial gain, as evidenced by the monetization of the infringing videos on the Defendants' YouTube channel, which diverted viewers, subscribers, and revenue from Plaintiff's Tekniq YouTube channel.

**54.** As a direct and proximate result of Defendants' unlawful conduct, Plaintiff has suffered and continues to suffer substantial harm, including but not limited to lost revenue,

diminished audience engagement, reputational harm, and the devaluation of its intellectual property.

**55.** Plaintiff is entitled to recover statutory damages under 17 U.S.C. § 1203(c)(3)(B) of up to $25,000 for each violation of 17 U.S.C. § 1202(b), consistent with *Business Casual Holdings, LLC v. TV-Novosti*, No. 21-cv-2007 where the court awarded a total of $75,000 for three violations of § 1202(b). Or in the alternative, Plaintiff's actual damages and Defendants' profits attributable to the removal or alteration of CMI, in an amount to be determined at trial.

**56.** Plaintiff is entitled to injunctive relief under 17 U.S.C. § 1203(b), prohibiting Defendants from removing or altering CMI associated with Plaintiff's copyrighted works and requiring the removal of any infringing content containing unlawfully removed or altered CMI that is maintained or made accessible by Defendants.

**57.** Plaintiff is further entitled to an award of full costs, including reasonable attorneys' fees, under 17 U.S.C. § 1203(b)(4)-(5).

**58.** Plaintiff seeks an order for the impoundment and destruction of all copies of the infringing works containing altered or removed CMI pursuant to 17 U.S.C. § 1203(b)(2).

## COUNT IV
## PUBLIC DISPLAY RIGHT INFRINGEMENT (17 U.S.C. § 106(5))

**59.** Plaintiff incorporates by reference all preceding paragraphs as though fully set forth herein.

**60.** Plaintiff is the owner of the exclusive copyrights in the audiovisual works featured on the Tekniq YouTube channel, including the exclusive right to publicly display these works under 17 U.S.C. § 106(5).

**61.** Under 17 U.S.C. § 106(5), the copyright owner has the exclusive right to publicly display copyrighted works, including videos, without unauthorized distribution or exhibition by third parties.

**62.** Defendants, without authorization, publicly displayed copyrighted video content owned by Plaintiff on the Defendants' YouTube channel, thereby infringing Plaintiff's exclusive display rights.

**63.** As detailed in the Factual Background, Defendants' unauthorized public display of Plaintiff's copyrighted video content is evidenced by the infringing videos uploaded by the Defendants on their YouTube channel.

**64.** Similarly, in *American Broadcasting Companies, Inc. v. Aereo*, Inc., 573 U.S. 431 (2014), the Supreme Court ruled that transmitting copyrighted audiovisual works to the public without authorization constitutes a public performance infringement under § 106(4) and § 106(5). Defendants' actions of displaying and streaming Timeless's videos align with the infringing conduct identified in Aereo.

**65.** As a direct and proximate result of Defendants' infringement of Plaintiff's public display rights, Plaintiff has suffered substantial harm, including but not limited to lost revenue, diminished audience engagement, reputational damage, and the devaluation of its intellectual property.

**66.** Plaintiff is entitled to recover statutory damages under 17 U.S.C. § 504(c) of up to $150,000 per willful infringement, or in the alternative, Plaintiff's actual damages and Defendants' profits attributable to the infringement, in an amount to be determined at trial.

**67.** Plaintiff is entitled to injunctive relief under 17 U.S.C. § 502(a), prohibiting Defendants from further public display of Plaintiff's copyrighted works without authorization and

ordering the immediate removal of all infringing videos from the Defendants' online accounts.

**68.** Plaintiff is further entitled to an award of full costs, including reasonable attorneys' fees, under 17 U.S.C. § 505.

**69.** Plaintiff seeks an order for the impoundment and destruction of all copies of the infringing works under 17 U.S.C. § 503(b).

**COUNT V**
**UNFAIR COMPETITION**

**70.** Plaintiff incorporates by reference all preceding paragraphs as though fully set forth herein.

**71.** Plaintiff operates the Tekniq YouTube channel, a monetized platform featuring original and copyrighted audiovisual works, that generate revenue through advertising, sponsorships, and viewer engagement.

**72.** Defendants, by unlawfully copying, reproducing, and publicly displaying Plaintiff's copyrighted videos on the Defendants' YouTube channel, engaged in unfair competition by misappropriating Plaintiff's creative content for commercial gain without authorization.

**73.** Under California Business and Professions Code § 17200, unfair competition includes any unlawful, unfair, or fraudulent business act or practice. Defendants' conduct constitutes unfair competition as it involves the unauthorized use of Plaintiff's copyrighted works to divert viewership, subscribers, and advertising revenue for Defendants' YouTube channels.

**74.** Defendants' actions are directly analogous to those found to constitute unfair competition in International *News Service v. Associated Press*, 248 U.S. 215 (1918). In

that case, the Supreme Court held that the unauthorized use of another party's content for commercial gain constitutes unfair competition. Similarly, Defendants' unauthorized use of Tekniq's videos to attract viewers and generate ad revenue infringes upon Plaintiff's business rights.

**75.** Defendants' acts of unfair competition include but are not limited to:

a) Misappropriating Tekniq's copyrighted videos and displaying them on the Defendants' channel to attract viewers who would otherwise view the content on Tekniq's channel.

b) Removing Tekniq's branding, watermarks, and other Copyright Management Information (CMI) to obscure the origin of the content and create the false impression that the videos originated from Defendant.

c) Monetizing the infringing videos with Google AdSense advertising through the YouTube Partner Program (YPP), thereby profiting directly from the unauthorized use of Plaintiff's copyrighted content.

**76.** Defendants' conduct was willful and undertaken with the intent to deceive viewers and unfairly benefit from Plaintiff's investment in content creation, in violation of California's unfair competition law.

**77.** As a direct and proximate result of Defendants' unfair competition, Plaintiff has suffered substantial harm, including lost advertising revenue, diminished viewership, reputational damage, and the devaluation of its intellectual property.

**78.** Plaintiff is entitled to recover damages for the losses caused by Defendants' unfair competition, including but not limited to lost profits, actual damages, and restitution for the revenue unlawfully obtained by Defendant.

**79.** Plaintiff is also entitled to injunctive relief prohibiting Defendants from further acts of unfair competition, including the unauthorized use of Plaintiff's copyrighted content and the removal of any infringing videos from the Defendants' online accounts.

**COUNT VI**
**WILLFUL COPYRIGHT INFRINGEMENT (17 U.S.C. § 504(c))**

**80.** Plaintiff incorporates by reference all preceding paragraphs as though fully set forth herein.

**81.** Defendants engaged in willful and deliberate copyright infringement by knowingly copying, reproducing, publicly displaying, and distributing Plaintiff's copyrighted videos on the Defendants' YouTube channel despite clear CMI, prior enforcement actions, and public records indicating Plaintiff's ownership of the works. Courts have recognized that intentional and systematic disregard of copyright ownership constitutes willful infringement. See Peer Int'l Corp. v. Pausa Records, Inc., 909 F.2d 1332 (9th Cir. 1990).

**82.** Defendants' willful infringement is evidenced by the following actions, demonstrating a deliberate and systematic effort to exploit Plaintiff's copyrighted content for financial gain:

a) Uploading several videos on the Defendants' YouTube channel that directly copied substantial portions of Tekniq's copyrighted videos.

b) Removing and falsifying Tekniq's branding, watermarks, and other Copyright Management Information (CMI) to conceal the origin of the content, thereby preventing viewers from identifying the videos as copyrighted works belonging to Tekniq.

c) Monetizing the infringing videos through the YouTube Partner Program (YPP), knowingly generating revenue from the unauthorized use of Plaintiff's copyrighted content.

**83.** Defendants, without authorization or consent, willfully engaged in copyright infringement by copying Plaintiff's videos, altering the videos, and deliberately blurring or removing Tekniq's CMIs. Defendants placed their own logos over the altered segments to mislead viewers regarding the origin of the content. These acts of concealment and rebranding were carried out with the intent to monetize the infringing videos through the YouTube's Partner Program (YPP), thereby profiting directly from Plaintiff's copyrighted works without permission. Such actions demonstrate a clear and intentional disregard for Plaintiff's exclusive rights under the Copyright Act.

**84.** Defendants' actions were willful, intentional, and in disregard of Plaintiff's copyrights, as evidenced by:

a) The systematic removal and falsification of CMI, including watermarks and branding, which demonstrates an intent to conceal the infringements.

b) The submission of fraudulent DMCA counter-notices to YouTube under penalty of perjury, falsely asserting ownership of the infringing videos to evade enforcement actions and continue profiting from the infringing content.

c) The scale and frequency of the infringements, which were not isolated incidents but part of a broader pattern of conduct aimed at exploiting Plaintiff's copyrighted content.

**85.** As a direct and proximate result of Defendants' willful copyright infringement, Plaintiff has suffered and will continue to suffer substantial harm, including:

a) Loss of advertising revenue and potential sponsorships due to the diversion of viewers to the infringing videos.

b) Damage to Plaintiff's reputation and brand integrity as viewers are misled into believing that Defendants created Timeless's content or were authorized to use it.

c) The devaluation of Plaintiff's intellectual property due to the unauthorized distribution and monetization of its copyrighted works.

**86.** Plaintiff is entitled to recover statutory damages for willful infringement under 17 U.S.C. § 504(c), including up to $150,000 per infringed work, or alternatively, actual damages and Defendants' profits attributable to the infringement as will be proven at trial. Plaintiff also seeks reasonable attorneys' fees and costs pursuant to 17 U.S.C. § 505.

**87.** Plaintiff seeks all such further and additional relief as the Court deems just and proper.

## COUNT VII
## MISREPRESENTATION UNDER 17 U.S.C. § 512(f)

**88.** Plaintiff incorporates by reference all preceding paragraphs as though fully set forth herein.

**89.** Pursuant to 17 U.S.C. § 512(f), any person who knowingly materially misrepresents that material was removed or disabled by mistake or misidentification shall be liable for any resulting damages, including costs and attorney's fees.

**90.** Defendants knowingly submitted materially false counter-notifications to YouTube under penalty of perjury, acknowledging that their videos incorporated portions of Plaintiff's copyrighted works but asserting that the uses were protected by fair use and that the videos had been removed because of mistake or misidentification.

**91.** The false counter-notices submitted by Defendants were intended to mislead YouTube into reinstating the infringing videos, thereby allowing Defendants to continue profiting from the unauthorized distribution and display of Plaintiff's copyrighted content, and to evade enforcement actions or sanctions by YouTube for repeated copyright violations.

**92.** The following are specific instances of Defendants' misrepresentations:

a) Defendants submitted counter-notices to YouTube in response to DMCA takedown requests filed by Plaintiff, acknowledging their use of portions of Plaintiff's copyrighted videos but asserting that such use was protected by fair use.

b) In these counter-notices, Defendants characterized their use as minimal, transformative, educational, journalistic, and noncompetitive, despite incorporating Plaintiff's copyrighted content into videos monetized through Defendants' YouTube channel.

c) Defendants submitted the counter-notices to secure reinstatement of the infringing videos and continue monetizing Plaintiff's copyrighted content under the asserted protection of fair use, without obtaining Plaintiff's permission or a license.

**93.** Defendants' misrepresentations were made knowingly and with the intent to deceive YouTube's DMCA enforcement mechanisms, as evidenced by:

a) The systematic removal and alteration of Tekniq's branding, watermarks, and other Copyright Management Information (CMI) to obscure the true origin of the content.

b) The deliberate submission of false declarations under penalty of perjury asserting that Defendants' monetized use of Plaintiff's copyrighted footage was protected by fair use and that removal resulted from mistake or misidentification.

c) The subsequent reinstatement of the infringing videos on YouTube, which resulted in continued monetization and viewership for Defendants' channels at Plaintiff's expense.

**94.** Defendants' actions satisfy the elements of a § 512(f) claim because:

a) Defendants knowingly made materially false statements concerning the nature, purpose, extent, and alleged fair-use status of their use of Plaintiff's copyrighted content.

b) Defendants' false counter-notices led to the improper reinstatement of infringing content, causing substantial financial harm and reputational damage to Plaintiff.

c) Defendants' actions were willful and part of a broader scheme to exploit Plaintiff's copyrighted content without authorization.

**95.** As a direct and proximate result of Defendants' misrepresentations, Plaintiff has suffered and continues to suffer substantial harm, including

(i) loss of advertising revenue and potential sponsorships due to the diversion of viewers to the infringing videos.

(ii) Damage to Plaintiff's reputation and brand integrity resulting from Defendants' incorporation and monetization of Plaintiff's copyrighted content without Plaintiff's permission.

(iii) Legal and administrative costs incurred in filing and responding to DMCA notices, counter-notices, and related enforcement actions.

**96.** Plaintiff is entitled to recover all damages, including but not limited to actual damages and Defendants' profits attributable to the infringement, as provided under 17 U.S.C. § 512(f). Costs and reasonable attorney's fees incurred in connection with the enforcement of Plaintiff's rights under the DMCA. Preliminary and permanent

injunctive relief to prevent further misrepresentations and to compel the removal of all infringing content from the Defendants' YouTube channel.

**97.** Plaintiff seeks all such further and additional relief as the Court deems just and proper.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff Timeless Production FZ LLC respectfully requests that this Court enter judgment in its favor against Defendants, managing Connected to the Unknown, and award the following relief:

1. Permanently enjoin Defendants from copying, distributing, or displaying Plaintiff's copyrighted works without authorization and order the removal of all infringing content.
2. For an award of damages pursuant to 17 U.S.C. §§ 504(b), 512(f), and other applicable law, including actual damages and Defendants' profits as will be proven at trial, or in the alternative, statutory damages pursuant to 17 U.S.C. § 504(c).
3. Award full costs and reasonable attorney's fees under 17 U.S.C. §§ 505 and 1203.
4. Order the destruction of all infringing copies and materials under 17 U.S.C. § 503.
5. Award prejudgment and post-judgment interest on all monetary awards.
6. Award any further relief deemed just and proper by the Court.

## DEMAND FOR JURY TRIAL

Plaintiff Timeless Production FZ LLC hereby demands a trial by jury on all issues so triable.

Dated: August 19, 2026 By: /s/ **Mohamed Othmane Samie**

MOHAMED OTHMANE SAMIE (**CSBN: 344269**)

Attorney for Plaintiff
Timeless Production FZ LLC

# Exhibit A
# List of Registered Works

# EXHIBIT A

## List of registered works

| | Copyright Registration Number | Registration Date | URL of registered work | Type of Work |
|---|---|---|---|---|
| A | **PA0002503013** | 2024-10-04 | **Title:** Strange Process of Making & Eating Palm Trees<br><br>https://youtu.be/ZzwQMqdLqak | Motion Picture (Video) |
| B | **PA0002495254** | 2024-09-05 | **Title:** Gigantic Container Ship Pass Through Super Tight Panama Canal<br><br>https://youtu.be/BhMigGpMxqs | Motion Picture (Video) |
| C | **PA0002493091** | 2024-08-20 | **Title:** Riding Cheapest Scooters of Congo<br><br>https://youtu.be/FMt0sslSlVk | Motion Picture (Video) |
| D | **PA0002520742** | 2025-01-08 | **Title:** Panama Canal Full Transit Moving World's Largest Ships<br><br>https://youtu.be/n3LhD27Dr3M | Motion Picture (Video) |
| E | **PA0002495255** | 2024-09-05 | **Title:** Tiny Train Pulling World Largest Ships Across Panama Canal<br><br>https://youtu.be/s45jxRIaB14 | Motion Picture (Video) |

| | | | | |
|---|---|---|---|---|
| F | **PA0002499412** | 2024-11-08 | **Title:** Panama Canal<br>https://youtu.be/4ugLtdlGYE0 | Motion Picture (Video) |

# EXHIBIT B

## List of infringements

# EXHIBIT B

## List of infringements

| # | Infringing Video URL's<br>Start of infringement yyyy-mm-dd | Timestamps - Infringer Video | Timeless Production - Original Videos used | Timestamps - TP Video | Infringed Work (Copyright Registration Code) |
|---|---|---|---|---|---|
| 1 | **Title:** UMA DESCOBERTA DE 3 500 ANOS CHEGA ÀS MANCHETES DEPOIS DE EMERGIR DO RIO TIGRE!<br><br>https://youtu.be/abZJojiNkWQ<br><br>(soi 2024-05-17)<br>**Infringement Against A** | 18:55 - 19:01<br>20:06 - 20:12<br>18:09 - 18:13 | **Title:** Strange Process of Making & Eating Palm Trees<br><br>https://youtu.be/ZzwQMqdLqak | 01:08 - 01:14<br>01:05 - 01:09<br>3:02 - 3:06 | **PA0002503013** |
| 2 | **Title:** The US Just Closed the Panama Canal After Making a SHOCKING Discovery<br><br>https://youtu.be/-aMn0985NP8<br><br>(soi 2025-03-16)<br>**Infringement Against F** | 23:46 - 23:51<br>24:09 - 24:12 | **Title:** Panama Canal<br><br>https://youtu.be/4ugLtdlGYE0 | 31:14 - 31:20<br>35:25 - 35:30 | **PA0002499412** |
| 3 | Infringer link same as above<br>**Infringement Against D** | 6:32 - 6:35<br>7:02 - 7:04<br>25:05 - 25:08 | **Title:** Panama Canal Full Transit Moving World's Largest Ships<br><br>https://youtu.be/n3LhD27Dr3M | 1:04 - 1:18<br>17:35 - 17:38<br>3:15 - 3:22 | **PA0002520742** |

| | | | | | |
|---|---|---|---|---|---|
| 4 | Infringer link same as above<br>**Infringement Against F** | 8:46 - 8:49<br>23:46 - 23:51<br>24:09 - 24:12<br>25:49 - 25:52<br>26:03 - 26:07 | **Title:** Panama Canal<br><br>https://youtu.be/4ugLtdlGYE0 | 1:28:38 -1:29:02<br>31:14 - 31:20<br>35:25 - 35:30<br>47:35 - 47:42<br>1:14:20 -1:16:08 | **PA0002499412** |
| 5 | Infringer link **same as above**<br>**Infringement Against F** | 26:42 - 26:44 | **Title:** Panama Canal<br><br>https://youtu.be/4ugLtdlGYE0 | 4:14 - 4:17 | **PA0002499412** |
| 6 | **Title:** The Craziest Transportation Methods in Africa You Won't Believe Exist<br><br>https://youtu.be/rCA-xVxHdOI<br><br>(soi 2025-07-03)<br>**Infringement Against C** | 13:27 - 13:32<br>13:32 - 13:40<br>13:40 - 13:45<br>14:17 - 14:21<br>15:18 - 15:24 | **Title:** Riding Cheapest Scooters of Congo<br><br>https://youtu.be/FMt0sslSlVk | 09:17 - 09:24<br>11:31 - 11:37<br>10:26 - 10:35<br>04:05 - 04:09<br>05:30 - 05:37 | **PA0002493091** |

# **Exhibit C**
# **Counter Notifications**

**Re: [OJRXLF3N6TZB2WXIWALPAFG3RY] New Copyright Counter Notification**

**YouTubeCopyright** <youtubedisputes+3m11ba1ckz6wr0h@google.com> Fri, Aug 22, 6:11 PM

to me

YouTube

We received a counter notification (below) in response to a copyright removal request that you submitted. A counter notification is a legal request for YouTube to reinstate a video that was removed due to a copyright removal request.

You have **10 US business days** to reply to this counter notification. Your response **must include evidence that you've taken legal action against the uploader** to keep the content from being reinstated to YouTube. Usually, evidence would include a lawsuit against the uploader, which names the YouTube URL(s) at issue and seeks a court order to restrain the alleged infringement.

**Evidence should be submitted by replying directly to this email**. Do not send your reply to copyright@youtube.com.

After 10 US business days, if we don't get a response from you, the content at issue may be reinstated to YouTube. You can find more information about the legal action you must take and what evidence is acceptable in our Help Center.

- The YouTube Team

Counter Notification as follows:

Videos included in counter notification:

- http://www.youtube.com/watch?v=-aMn0985NP8

Display name of uploader: Ligado no Desconhecído

Prezados, Venho, por meio desta, apresentar contra notificação referente à remoção do meu vídeo intitulado “Os EUA Acabaram de Fechar o Canal do Panamá após Fazer uma Descoberta CHOCANTE”, com duração total de 26 minutos e 54 segundos. O motivo alegado para a remoção foi o uso de um trecho de apenas 5 segundos do vídeo “Gigantic Container Ship Pass Through Super Tight Panama Canal”, o qual foi incluído unicamente com finalidade ilustrativa dentro de um conteúdo jornalístico, narrativo e autoral.

Fundamentação de uso legítimo (fair use) Caráter transformativo: o meu vídeo não é uma cópia do original, mas sim uma análise jornalística e narrativa com contexto próprio, transformando completamente o material utilizado. Uso mínimo: o trecho em questão representa apenas 5 segundos de um total de 26 minutos e 54 segundos, ou seja, menos de 0,3% por cento da obra. Finalidade informativa: o uso do clipe foi para complementar e ilustrar a narrativa, em caráter não concorrencial com o vídeo original. Ausência de prejuízo ao mercado original: o vídeo denunciado não substitui nem prejudica a obra original, pois o público-alvo, a finalidade e o formato são diferentes. Diante disso, defendo que o uso do trecho é plenamente amparado pelo princípio de uso justo (fair use / uso legítimo), previsto na legislação aplicável e nas políticas do YouTube. Solicito, portanto, a reintegração do meu vídeo e o cancelamento do strike indevido.
I swear, under penalty of perjury, that I have a good faith belief the material was removed due to a mistake or misidentification of the material to be removed or disabled.
I consent to the jurisdiction of the Federal District Court for the district in which my address is located, or if my address is outside of the United States, the judicial district in which YouTube is located, and will accept service of process from the claimant.

Aleandro Junior de Carvalho

Aleandro Junior de Carvalho
Rua Ismael dias da Silva, 625
Tremembé - São Paulo
12120-015
Brazil

aleandroj06@gmail.com

(11) 97407-1519

Help Center • Email Options

You received this email to provide information and updates around your YouTube channel or account.

YouTube

© 2021 Google LLC d/b/a YouTube, 901 Cherry Ave, San Bruno, CA 94066

**Fwd: [6GQZGQHSIE5CCFOLUEBCEF7DZA] New Copyright Counter Notification**

| | |
|---|---|
| Younes Ben Fredj<br>to me | Aug26, 2025, 1:54 PM (20 hours ago) |

---------- Forwarded message ---------
From: **YouTube Copyright** <youtube-disputes+2u0o28j97ktox0h@google.com>
Date: Fri, Aug 22, 2025 at 10:20 AM
Subject Re: [6GQZGQHSIE5CCFOLUEBCEF7DZA] New Copyright Counter Notification
To: <tekniqvideos@gmail.com>

YouTube

We received a counter notification (below) in response to a copyright removal request that you submitted. A counter notification is a legal request for YouTube to reinstate a video that was removed due to a copyright removal request.

You have **10 US business days** to reply to this counter notification. Your response **must include evidence that you've taken legal action against the uploader** to keep the content from being reinstated to YouTube. Usually, evidence would include a lawsuit against the uploader, which names the YouTube URL(s) at issue and seeks a court order to restrain the alleged infringement.

**Evidence should be submitted by replying directly to this email**. Do not send your reply to copyright@youtube.com.

After 10 US business days, if we don't get a response from you, the content at issue may be reinstated to YouTube. You can find more information about the legal action you must take and what evidence is acceptable in our Help Center.

- The YouTube Team

Counter Notification as follows:

Videos included in counter notification:

- http://www.youtube.com/watch?v=abZJojiNkWQ

Display name of uploader: Ligado no Desconhecído

O uso do trecho em questão se enquadra em uso justo de acordo com a legislação de direitos autorais. Meu vídeo tem caráter educativo/divulgação científica. O meu vídeo tem a duração total de 31 minutos e 40 segundos, e o trecho utilizado corresponde a apenas cinco segundos, representando uma fração mínima da obra original. O tema do meu vídeo é "UMA DESCOBERTA DE TRÊS 3 500 ANOS CHEGA ÀS MANCHETES DEPOIS DE EMERGIR DO RIO TIGRE!", no qual trato de diversas descobertas científicas. O trecho foi incluído dentro de um segmento sobre árvores antigas petrificadas, no qual menciono inclusive um cientista (Robert Gastaldo). O uso foi transformativo e não teve relação com o contexto do vídeo original, cujo tema era "Estranho processo de fazer e comer palmeiras". O trecho foi inserido apenas como ilustração e contextualização científica, em um vídeo de caráter educativo e informativo, sem reproduzir a narrativa ou intenção do autor original. Portanto, não houve reprodução integral, não houve prejuízo ao mercado da obra original, e o uso agrega valor novo, distinto e independente do material protegido. Assim, solicito a remoção do strike, uma vez que o uso se enquadra como uso justo e não configura violação de direitos autorais. Mais uma vez reforço meu vídeo tem caráter educativo/divulgação científica. Qualquer outra dúvida ou informações adicionais estou a disposição.
I swear, under penalty of perjury, that I have a good faith belief the material was removed due to a mistake or misidentification of the material to be removed or disabled.
I consent to the jurisdiction of the Federal District Court for the district in which my address is located, or if my address is outside of the United States, the judicial district in which YouTube is located, and will accept service of process from the claimant.

Aleandro Junior de Carvalho

Aleandro Junior de Carvalho
Rua Ismael Dias da Silva, 625
Tremembé-SP - SP
12120-015
Brazil

aleandroj06@gmail.com

(11) 97407-1519

Help Center • Email Options

You received this email to provide information and updates around your YouTube channel or account.

YouTube

© 2021 Google LLC d/b/a YouTube, 901 Cherry Ave, San Bruno, CA 94066

---

**Fwd: [4S246OGIFDW4O3FGK4F7VCIR4M] New Copyright Counter Notification**

Younes Ben Fredj
to me

Tue, Aug 26, 1:54 PM (20 hours ago)

---------- Forwarded message ---------
From: **YouTube Copyright** <youtube-disputes+2x1sgk3ib5xp30h@google.com>
Date: Tue, Aug 26, 2025 at 1:45 PM
Subject Re: [4S246OGIFDW4O3FGK4F7VCIR4M] New Copyright Counter Notification
To: <tekniqvideos@gmail.com>

YouTube

We received a counter notification (below) in response to a copyright removal request that you submitted. A counter notification is a legal request for YouTube to reinstate a video that was removed due to a copyright removal request.

You have **10 US business days** to reply to this counter notification. Your response **must include evidence that you've taken legal action against the uploader** to keep the content from being reinstated to YouTube. Usually, evidence would include a lawsuit against the uploader, which names the YouTube URL(s) at issue and seeks a court order to restrain the alleged infringement.

**Evidence should be submitted by replying directly to this email**. Do not send your reply to copyright@youtube.com.

After 10 US business days, if we don't get a response from you, the content at issue may be reinstated to YouTube. You can find more information about the legal action you must take and what evidence is acceptable in our Help Center.

- The YouTube Team

Counter Notification as follows:

Videos included in counter notification:

- http://www.youtube.com/watch?v=rCA-xVxHdOI

Display name of uploader: Ligado no Desconhecído

Prezados, Venho, por meio desta, apresentar contra notificação referente à remoção do meu vídeo intitulado “Os Métodos de Transporte Mais Loucos da África que Você Não Vai Acreditar que Existem”, com duração total de 26 minutos e 30 segundos. O motivo alegado foi o uso de um trecho de apenas oito segundos (13:32 – 13:40), retirado do vídeo “Riding Cheapest Scooters of Congo”, que consiste em imagens sem narração, mostrando a construção artesanal de scooters de madeira. Esclareço que esse pequeno trecho foi usado apenas em um dos tópicos do meu vídeo, referente ao chukudu. Diferentemente do original, meu conteúdo não se limita a esse transporte: ele analisa diversos métodos de transporte em várias regiões da África, com narração e contextualização. Ressalto ainda que o termo chukudu sequer é mencionado no vídeo original, sendo uma contextualização feita exclusivamente em minha produção. Fundamentação de uso legítimo (fair use) Caráter transformativo: o original apenas exibe scooters de madeira, enquanto meu vídeo insere o trecho em uma análise jornalística e educativa mais ampla. Uso mínimo e proporcional: apenas 8 segundos dentro de 26 minutos e 30 segundos, menos de 0,5% do total. Finalidade informativa: o trecho foi usado somente para ilustrar parte do conteúdo, não sendo tema central. Escopo distinto: meu vídeo tem formato, público e propósito diferentes, abrangendo múltiplos transportes, enquanto o original trata apenas de scooters artesanais sem narração. Assim, defendo que o uso está amparado pelo princípio de uso justo (fair use / uso legítimo), conforme previsto na legislação e nas políticas do YouTube. Solicito, portanto, a reintegração do vídeo e a remoção do strike indevido

I swear, under penalty of perjury, that I have a good faith belief the material was removed due to a mistake or misidentification of the material to be removed or disabled.

I consent to the jurisdiction of the Federal District Court for the district in which my address is located, or if my address is outside of the United States, the judicial district in which YouTube is located, and will accept service of process from the claimant.

Aleandro Junior de Carvalho

Aleandro Junior de Carvalho
Rua Ismael Dias da Silva, 625
Tremembé-SP - SP
12120-015
Brazil

aleandroj06@gmail.com

(11) 97407-1519

Help Center • Email Options

You received this email to provide information and updates around your YouTube channel or account.

YouTube

© 2021 Google LLC d/b/a YouTube, 901 Cherry Ave, San Bruno, CA 94066

# Exhibit D
# DMCA Takedown Confirmation

**[MPEVANBHY3SIAA7CFMARXA2YHY] YouTube Copyright Complaint Submission**

YouTube Copyright <youtube-disputes+2m0np5p7534x607@google.com>
to me

Aug 20, 2025,8:29 PM (7 days ago)

YouTube

**Copyright Infringement Notification Confirmation**

Thank you for your submission. It is under review to ensure it is valid and includes all required elements. We will reply to this email when we've taken action on your request. You can also check on the status of your takedown request in the 'Removal requests' tab which is found in the Copyright section of your channel.

Here is the information you filled in:

- Copyright Owner Name (Company Name if applicable): We Protect Your Content
- Your Full Legal Name (Aliases, usernames or initials not accepted): Kenneth Silvers
- Your Title or Job Position (What is your authority to make this complaint?): Authorized Representative
- Address:
  - Office E76 Dubai Production City, Dubai, UAE
  - Dubai, Dubai 000000
  - AE
- Username: We Protect Your Content
- Email Address: legal@welicense.co
- Phone: +971 50 528 3879

- URL of allegedly infringing video to be removed: https://www.youtube.com/watch?v=-aMn0985NP8
- Describe the work allegedly infringed: My video
  - Title of video: Gigantic Container Ship Pass Through Super Tight Panama Canal
  - Source of video: BhMigGpMxqs
  - Type of video: Internet video
  - Where does the content appear?
    The content appears in the targeted video from 0:23:46 to 0:23:51 : https://www.youtube.com/watch?v=-aMn0985NP8&t=1426
    It appears in your source video from 0:00:51 to 0:00:58

: https://www.youtube.com/watch?v=BhMigGpMxqs&t=51

- Country where copyright applies: AE
- I, in good faith state that:
  - I am the owner, or an agent authorized to act on behalf of the owner of an exclusive right that is allegedly infringed.
  - I have a good faith belief that the use of the material in the manner complained of is not authorized by the copyright owner, its agent, or the law; and
  - This notification is accurate.
  - I acknowledge that there may be adverse legal consequences for making false or bad faith allegations of copyright infringement by using this process.
  - I understand that abuse of this tool will result in termination of my YouTube channel.
- Authorized Signature: Kenneth Silvers

- The YouTube Team

Help Center • Email Options

You received this email to provide information and updates around your YouTube channel or account.

YouTube

© 2021 Google LLC d/b/a YouTube, 901 Cherry Ave, San Bruno, CA 94066

On Aug 20, 2025 legal@welicense.co wrote:

Video IDs: -aMn0985NP8

------------------------------

**YouTube Copyright** <youtube-disputes+2m0np5p7534x607@google.com>
to me

Aug 22, 2025,5:23 AM (5 days ago)

YouTube

Hi We Protect Your Content,

Thank you for your removal request. We've reviewed it and provided updates below.

**Request resolved**

The content listed below has been removed.

Videos in question:

https://www.youtube.com/watch?v=-aMn0985NP8

---

We use a combination of automated systems and human reviews to process removal requests.

You may take back your claim of copyright infringement at any time if you change your mind.

- The YouTube Team

Help Center • Email Options

You received this email to provide information and updates around your YouTube channel or account.

YouTube

© 2021 Google LLC d/b/a YouTube, 901 Cherry Ave, San Bruno, CA 94066

On Aug 20, 2025 YouTube Copyright

---

**Fwd:[ AYVUEYU2RTELQAGASZI7D4PXIE] YouTube Copyright Complaint Submission**

Younes Ben Fredj — Tue, Aug 26, 1:53 PM
to me

**Forwarded Conversation**
**Subject: [AYVUEYU2RTELQAGASZI7D4PXIE] YouTube Copyright Complaint Submission**
------------------------

From: YouTube Copyright <youtube-disputes+2hdfpwmo0rt5o07@google.com>
Date: Wed, Aug 20, 2025 at 8:02 PM
To: <tekniqvideos@gmail.com>

YouTube

**Copyright Infringement Notification Confirmation**
Thank you for your submission. It is under review to ensure it is valid and includes all required elements. We will reply to this email when we've taken action on your request. You can also check on the status of your takedown request in the 'Removal requests' tab which is found in the Copyright section of your channel.

Here is the information you filled in:

- Copyright Owner Name (Company Name if applicable): TEKNIQ
- Your Full Legal Name (Aliases, usernames or initials not accepted): Younes BEN FREDJ
- Your Title or Job Position (What is your authority to make this complaint?): Manager of the Company Managing Tekniq Channel
- Address:
  - Timeless Production FZ-LLC E76 Dubai Production City
  - Dubai, Dubai 0000
  - AE
- Username: Younes Ben Fredj
- Email Address: tekniqvideos@gmail.com
- Phone: 058 513 1609

- URL of allegedly infringing video to be removed: https://www.youtube.com/watch?v=abZJojiNkWQ
- Describe the work allegedly infringed: My video
  - Source of video: ZzwQMqdLqak
  - Type of video: Internet video
  - Where does the content appear?
    The content appears in the targeted video from 0:20:06 to 0:20:11 : https://www.youtube.com/watch?v=abZJojiNkWQ&t=1206
    It appears in your source video from 0:01:05 to 0:01:09 : https://www.youtube.com/watch?v=ZzwQMqdLqak&t=65

- Country where copyright applies: AE
- I, in good faith state that:

    - I am the owner, or an agent authorized to act on behalf of the owner of an exclusive right that is allegedly infringed.
    - I have a good faith belief that the use of the material in the manner complained of is not authorized by the copyright owner, its agent, or the law; and
    - This notification is accurate.
    - I acknowledge that there may be adverse legal consequences for making false or bad faith allegations of copyright infringement by using this process.
    - I understand that abuse of this tool will result in termination of my YouTube channel.
- Authorized Signature: Younes BEN FREDJ

- The YouTube Team

Help Center • Email Options

You received this email to provide information and updates around your YouTube channel or account.

YouTube

© 2021 Google LLC d/b/a YouTube, 901 Cherry Ave, San Bruno, CA 94066

On Aug 20, 2025 tekniqvideos@gmail.com wrote:

Video IDs: abZJojiNkWQ

--------------------------------

From: **YouTube Copyright** <youtube-disputes+2hdfpwmo0rt5o07@google.com>
Date: Thu, Aug 21, 2025 at 4:58 PM
To: <tekniqvideos@gmail.com>

YouTube

Hi Younes Ben Fredj,

Thank you for your removal request. We've reviewed it and provided updates below.

| **Request resolved** |
| --- |

The content listed below has been removed.

Videos in question:

https://www.youtube.com/watch?v=abZJojiNkWQ

---

We use a combination of automated systems and human reviews to process removal requests.

You may take back your claim of copyright infringement at any time if you change your mind.

- The YouTube Team

---

Here is the information you filled in:

- Copyright Owner Name (Company Name if applicable): TEKNIQ
- Your Full Legal Name (Aliases, usernames or initials not accepted): Younes BEN FREDJ
- Your Title or Job Position (What is your authority to make this complaint?): Manager of the Company Managing Tekniq Channel
- Address:
    - Timeless Production FZ-LLC E76 Dubai Production City
    - Dubai, Dubai 0000
    - AE
- Username: Younes Ben Fredj
- Email Address: tekniqvideos@gmail.com
- Phone: 058 513 1609

- URL of allegedly infringing video to be removed: https://www.youtube.com/watch?v=abZJojiNkWQ
- Describe the work allegedly infringed: My video
    - Title of video: Strange Process of Making & Eating Palm Trees
    - Source of video: ZzwQMqdLqak
    - Type of video: Internet video

- Where does the content appear?
  The content appears in the targeted video from 0:20:06 to 0:20:11
  : https://www.youtube.com/watch?v=abZJojiNkWQ&t=1206
  It appears in your source video from 0:01:05 to 0:01:09
  : https://www.youtube.com/watch?v=ZzwQMqdLqak&t=65

- Country where copyright applies: AE
- I, in good faith state that:
  - I am the owner, or an agent authorized to act on behalf of the owner of an exclusive right that is allegedly infringed.
  - I have a good faith belief that the use of the material in the manner complained of is not authorized by the copyright owner, its agent, or the law; and
  - This notification is accurate.
  - I acknowledge that there may be adverse legal consequences for making false or bad faith allegations of copyright infringement by using this process.
  - I understand that abuse of this tool will result in termination of my YouTube channel.
- Authorized Signature: Younes BEN FREDJ

Help Center • Email Options

You received this email to provide information and updates around your YouTube channel or account.

YouTube

© 2021 Google LLC d/b/a YouTube, 901 Cherry Ave, San Bruno, CA 94066

On Aug 20, 2025 YouTube Copyright

---

**Fwd:[ 65QRTHB7GAWF2JNRJUKRDUMLS4] YouTube Copyright Complaint Submission**

Younes Ben Fredj
to me

Tue, Aug 26, 1:54 PM

**Forwarded Conversation**
**Subject: [65QRTHB7GAWF2JNRJUKRDUMLS4] YouTube Copyright Complaint**

**Submission**

------------------------

From: YouTube Copyright <youtube-disputes+3nn7rrxgspakj07@google.com>
Date: Thu, Aug 21, 2025 at 7:24 PM
To: <tekniqvideos@gmail.com>

**Copyright Infringement Notification Confirmation**
Thank you for your submission. It is under review to ensure it is valid and includes all required elements. We will reply to this email when we've taken action on your request. You can also check on the status of your takedown request in the 'Removal requests' tab which is found in the Copyright section of your channel.

Here is the information you filled in:

- Copyright Owner Name (Company Name if applicable): TEKNIQ
- Your Full Legal Name (Aliases, usernames or initials not accepted): Younes BEN FREDJ
- Your Title or Job Position (What is your authority to make this complaint?): Manager of the Company Managing Tekniq Channel
- Address:
  - Timeless Production FZ-LLC E76 Dubai Production City
  - Dubai, Dubai 0000
  - AE
- Username: Younes Ben Fredj
- Email Address: tekniqvideos@gmail.com
- Phone: 058 513 1609

- URL of allegedly infringing video to be removed: https://www.youtube.com/watch?v=rCA-xVxHdOI
- Describe the work allegedly infringed: My video
  - Source of video: FMt0sslSlVk
  - Type of video: Internet video
  - Where does the content appear?
    The content appears in the targeted video from 0:13:32 to 0:13:40 : https://www.youtube.com/watch?v=rCA-xVxHdOI&t=812
    It appears in your source video from 0:11:31 to 0:11:37 : https://www.youtube.com/watch?v=FMt0sslSlVk&t=691

- Country where copyright applies: AE

- I, in good faith state that:
  - I am the owner, or an agent authorized to act on behalf of the owner of an exclusive right that is allegedly infringed.
  - I have a good faith belief that the use of the material in the manner complained of is not authorized by the copyright owner, its agent, or the law; and
  - This notification is accurate.
  - I acknowledge that there may be adverse legal consequences for making false or bad faith allegations of copyright infringement by using this process.
  - I understand that abuse of this tool will result in termination of my YouTube channel.
- Authorized Signature: Younes BEN FREDJ

- The YouTube Team

Help Center • Email Options

You received this email to provide information and updates around your YouTube channel or account.

YouTube

© 2021 Google LLC d/b/a YouTube, 901 Cherry Ave, San Bruno, CA 94066

On Aug 21, 2025 tekniqvideos@gmail.com wrote:

Video IDs: rCA-xVxHdOI

-------------------------------

From: **YouTube Copyright** <youtube-disputes+3nn7rrxgspakj07@google.com>
Date: Mon, Aug 25, 2025 at 3:42 PM
To: <tekniqvideos@gmail.com>

YouTube

Hi Younes Ben Fredj,

Thank you for your removal request. We've reviewed it and provided updates below.

**Request resolved**

The content listed below has been removed.

Videos in question:

https://www.youtube.com/watch?v=rCA-xVxHdOI

---

We use a combination of automated systems and human reviews to process removal requests.

You may take back your claim of copyright infringement at any time if you change your mind.

- The YouTube Team

---

Here is the information you filled in:

- Copyright Owner Name (Company Name if applicable): TEKNIQ
- Your Full Legal Name (Aliases, usernames or initials not accepted): Younes BEN FREDJ
- Your Title or Job Position (What is your authority to make this complaint?): Manager of the Company Managing Tekniq Channel
- Address:
    - Timeless Production FZ-LLC E76 Dubai Production City
    - Dubai, Dubai 0000
    - AE
- Username: Younes Ben Fredj
- Email Address: tekniqvideos@gmail.com
- Phone: 058 513 1609

- URL of allegedly infringing video to be removed: https://www.youtube.com/watch?v=rCA-xVxHdOI
- Describe the work allegedly infringed: My video
    - Title of video: Riding Cheapest Scooters of Congo
    - Source of video: FMt0sslSlVk
    - Type of video: Internet video

- Where does the content appear?
  The content appears in the targeted video from 0:13:32 to 0:13:40
  : https://www.youtube.com/watch?v=rCA-xVxHdOI&t=812
  It appears in your source video from 0:11:31 to 0:11:37
  : https://www.youtube.com/watch?v=FMt0sslSlVk&t=691

- Country where copyright applies: AE
- I, in good faith state that:
  - I am the owner, or an agent authorized to act on behalf of the owner of an exclusive right that is allegedly infringed.
  - I have a good faith belief that the use of the material in the manner complained of is not authorized by the copyright owner, its agent, or the law; and
  - This notification is accurate.
  - I acknowledge that there may be adverse legal consequences for making false or bad faith allegations of copyright infringement by using this process.
  - I understand that abuse of this tool will result in termination of my YouTube channel.
- Authorized Signature: Younes BEN FREDJ

Help Center • Email Options

You received this email to provide information and updates around your YouTube channel or account.
YouTube

© 2021 Google LLC d/b/a YouTube, 901 Cherry Ave, San Bruno, CA 94066

On Aug 21, 2025 YouTube Copyright